NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN BRANDT

        Plaintiff,

v.

JAMES DAVY, ALAN G. KAUFMAN,
JOHN MAIN, TOM PACIO,

        Defendants.

CIVIL NO. 05-2265 (SRC)

**OPINION**

**CHESLER, District Judge**

    This matter comes before the Court on a Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief can be Granted by Defendants (docket entry # 8). The Court, having considered the papers submitted by the parties, for the reasons set forth below, **DENIES** Defendants' Motion.

**I. BACKGROUND OF THE CASE**

    The Plaintiff, John Brandt, is a patient of the Anne Klein Forensic Center ("AKFC"). Mr. Brandt was involuntarily civilly committed to this institution pursuant to N.J.S.A. 30:4-27.10, after being found not guilty by reason of insanity.

    On April 28, 2005, Plaintiff filed a Complaint alleging his constitutional rights were violated as a result of being secured in his room at AKFC. (Def. Br. 1). Plaintiff states that he is

1

only allowed out of his room from 7:00 a.m. until 11:00 a.m., from 1:00 p.m. until 3:45 p.m., and from 6:00 p.m. until 8:45 p.m. (Def. Br. 1). Plaintiff contends that this amounts to a form of punishment in violation of his constitutional rights. (Id.). Specifically, Plaintiff claims he was denied of his rights of freedom of movement and not to be isolated, and was subjected to unconstitutional punishment. (Pl. Br. 1).

## II. Discussion

Defendants filed the instant Motion to Dismiss on September 14, 2005. In their brief, Defendants present three arguments to support their claim: (1) that Plaintiff's claims against the state are barred by the doctrine of sovereign immunity; (2) that Plaintiff has failed to assert a violation of a federal right as required for claims under § 1983 and has failed to state a claim for a violation of the Fourteenth Amendment; and (3) Defendants are entitled to qualified immunity.

### A. Standard for Dismissal – 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must take as true all allegations in the complaint and view them in the light most favorable to the plaintiff. Gomez v. Toledo, 446 U.S. 635, 636 n.3 (1980); Trump Hotels & Casino Resorts, Inc. V. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). Pursuant to Rule 12(b)(6), a complaint shall be dismissed for failure to state a claim upon which relief can be granted only if a court finds "it apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 46 (1957). The question the court must answer is not whether Plaintiff will prevail, but rather whether there are any circumstances that would entitled him to relief. Hishon v. Spalding, 467 U.S. 69, 73 (19984). Consistent with this standard, the Court will review each of the Defendants' arguments

in turn.

A.  **Suit is Not Barred by Sovereign Immunity**

Defendants argue that Plaintiffs claims against the State are barred by the doctrine of sovereign immunity. (Def. Br. 2). Defendants base this argument on the fact that Plaintiff is seeking monetary damages for alleged violations of federal and state law. (Def. Br. 3).

Eleventh Amendment sovereign immunity prohibits suits against state governments by a state's own citizens, by citizens of another state, or by citizens of foreign countries. Alden v. Maine, 527 U.S. 706 (1999). Likewise, sovereign immunity bars suits against State officials sued in their official capacity because such suit is the same as a suit against the State. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1980). However, if a suit is against an officer in his individual capacity there is no Eleventh Amendment bar even where the conduct was part of the officers official duties. Hafer v. Melo, 502 U.S. 21, 31 (1991). Plaintiff's claims against the Defendants in this matter are in their individual capacity and therefore are not barred by sovereign immunity. (Compl. 1).

B.  **Plaintiff's Complaint States a Cognizable Claim Under § 1983**

Plaintiff brings this action under 42 U.S.C. § 1983. To prevail on a § 1983 claim, Plaintiff must demonstrate that the defendant violated "a right protected by the Constitution and the laws of the United States," and that the alleged violation was committed by a person acting under color of state law. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of a constitutional right at all.'" Id. (quoting County of Sacramento v Lewis, 523 U.S. 833, 841 n.5 (1988)).

Plaintiff complains that being confined to his room for certain periods of the day violates

3

his constitutional right to freedom of bodily movement and right not to be punished. (Compl. 3.) Defendants argue that, as a patient who is involuntarily confined to an institution, the Plaintiff's constitutional rights may be subjected to some level of limitations as balanced against the needs of the institution to maintain safety and order. (Def. Br .)

This balance involves weighing the individuals interest against the States asserted need for restraining the individual. In Youngberg, the Supreme Court determined the relevant standard for determining whether a State has adequately protected the rights of an involuntarily committed individual is whether professional judgment was exercised. Youngberg v. Romeo, 457 U.S. 307, 322 (1982). The Court went on to note that decisions made by professionals will be "presumptively valid," and that liability can be imposed "only when the decision . . . is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." Id. at 323. In striking this delicate balance, courts are properly directed to minimize their interference with the professional judgment which governs the internal operations of facilities such as AKFC. Youngberg, 457 U.S. at 322.

Plaintiff here, contends that he has a constitutional right to freedom of bodily movement, a right not to be isolated and a right not to be restrained to his cell. Plaintiff claims that these rights were violated by Defendants policy of systematic lock-downs in the facility. Youngberg held that a state may not restrain residents of institutions except when and to the extent that professional judgment deems this necessary for the reasonable safety of residents and personnel within the institution, or to provide needed training or treatment. 457 U.S. at 323. Defendants assert that the policy of keeping patients in their rooms for certain periods of the day are for

4

safety measures. (Def. Rep. Br. 2.) Balancing the interests in this case would clearly require this Court to view documents outside the complaint, including documents not mentioned in, or attached to Plaintiff's Complaint[1]. The Court would need to review the safety policies of the AKFC and the purported justifications for their lock down policy. Undertaking such a review would be inappropriate on a motion to dismiss. See Fed. Rule of Civ. P. 12(b) ("If matters outside the pleadings are presented to and are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided by Rule 56"). Here, the Court has elected to exclude the Counsel Certification and copy of the AKFC's Medical and Security Policy provided by the Defendants.

Moreover, a review of the complaint indicates that Plaintiff has asserted facts that could establish that Defendants violated Mr. Brandt's constitutional rights. If the extent to which Mr. Brandt is confined to his room is so disproportionate to any asserted interest by AKFC Plaintiff may be entitled to relief. Taking the facts in the light most favorable to Mr. Brandt, he has stated the components of a cognizable § 1983 action against Defendants. Accordingly, Defendants motion to dismiss the complaint on the grounds that Plaintiff has not stated a claim upon which relief could be granted will be denied.

**C.    Defendants' Are Not Entitled to Qualified Immunity for the Actions Being Alleged by the Plaintiff**

The defense of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

[1]In support of their argument, Defendants attach to their reply brief a Certification of Counsel along with a copy of the AKFC's Medical and Security Policy. (Cert. Ex. A.)

rights of which a reasonable person would have known." Harlow v Fitzgerald, 457 U.S. 800, 818 (1982). The rights of a civil committee to be free from bodily restraint and to not be subjected to measures meant to punish are well established. See Youngberg, 457 U.S. at 319, 321 (stating that "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish"); see Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 18 (1979) ("[l]iberty from bodily restraint always has been recognized as the core of the liberty protected by the Due Process Clause."). The Plaintiff alleges that the Defendants directly interfered with this well established right by subjecting him to daily extended lock downs.

The Court is satisfied that Plaintiff is claiming violation of a sufficiently well established right that a reasonable person would have known that the actions alleged here would constitution a violation of Mr. Brandt's constitutional rights. Therefore, Defendants would not be entitled to qualified immunity for the actions being alleged here.

### III. CONCLUSION

For the foregoing reasons, this Court will **DENY** Defendants' Motion to Dismiss. An appropriate form of order will follow.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.